JUAN ENRIQUE SOLTERO, Petitioner and Appellant, v. RAFAEL L. PIRIS, MUNICIPAL AUDITOR OF PONCE, ETC., Respondent and Appellee.

No. 7015. Argued December 13, 1935.—Decided January 17, 1936.

Virgilio Brunet for appellant. A. Atiles Moréu, G. Atiles Moréu, and G. Pierluissi for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

On July 22, 1923, Juan Enrique Soltero, in his capacity as public accountant, entered into a contract with the Municipality of Ponce, whereby he rendered certain services and submitted a final report on November 17 of the same year. The Municipality of Ponce agreed to pay the petitioner $1,500 for the services rendered, of which sum it paid $400, leaving a balance of $1,100. The petitioner subsequently asked for $500 more to apply to the said balance, and as the Municipal Auditor of Ponce, Leopoldo E. Delucca, refused to sign the corresponding warrant, Soltero requested and obtained from the District Court of Ponce the issuance of a writ of mandamus. Pursuant to that decision, the Municipality of Ponce paid to the petitioner-appellant the requested sum, leaving a balance of $600 outstanding. On May 2, 1934, the petitioner-appellant requested the payment of that balance, and thereupon Blas Oliveras, Mayor of Ponce, addressed a letter to the municipal auditor asking him to sign the proper warrant, in order that this indebtedness of the municipality should be satisfied. On May 5, 1934, the auditor answered the mayor's letter, as follows:

"Sir:—I refer to yours of the 4th instant wherein you suggest that, if possible, we should settle the balance owing to J. E. Soltero. I know that funds have been appropriated and are available in this case, but I must first submit this matter for consideration by the Auditor of Puerto Rico, in order to comply with the provisions of the latter's circular letter No. 2 A. E. 1933–34 of September 27/33. —I shall advise you of any instructions that I may receive in this connection.—Very truly yours, Leopoldo E. Delucca, Municipal Auditor."

In view of the wording of this letter, the petitioner requested that the then auditor, Rafael L. Piris, be compelled, by a writ of mandamus, to forthwith sign the warrant and the order of payment for the sum of $600 which the municipality owed. The auditor admitted all the allegations of the

petition, denied that he lacked reasons for refusing to sign the warrant and the order of payment, and set up that in accordance with a certain circular letter of the Auditor of Puerto Rico, dated September 27, 1933, and the regulations concerning municipal accounting, he had consulted said Auditor regarding the payment in question.

On December 8, 1934, the District Court of Ponce rendered judgment granting a writ of mandamus. The petitioner subsequently moved that Rafael L. Piris be substituted by José L. Negrón, who had been appointed to succeed the former in the office of municipal auditor. On February 5, 1935, the respondent-appellee moved for a reconsideration of the judgment rendered on December 8, 1934, and after hearing the parties, the court set aside the said judgment and denied in all its parts the petition for mandamus, without special imposition of costs. Thereupon the petitioner took the present appeal, and he has assigned several errors which may be considered together, as they all refer to the same question.

It is urged that the court erred in finding that the Municipal Auditor of Ponce did not refuse to sign the warrants and orders of payment, and in holding that the Insular Auditor has power to prevent the payment of obligations legally contracted by the municipalities, and that the petitioner-appellant had not exhausted the administrative remedies available to him.

The law provides that a municipal auditor shall have all the powers and functions and duties in connection with the municipality as are vested in the Auditor of Puerto Rico, subject to the provisions of the Organic Act and to the regulations that the said Auditor may make, and shall sign all warrants and orders to be paid out of municipal funds. The respondent in his answer denied that the lacked reasons to sign the warrant and the order for the payment of the $600 owed to Soltero, and stated that he had consulted the

Insular Auditor of Puerto Rico, that he had received no answer, and that so long as said officer did not decide whether or not the aforesaid sum should be paid to Soltero, the respondent was without power to make the said payment. The respondent also alleged as an excuse for his failure to pay, that Leopoldo E. Delucca, a former municipal auditor, was suspended from office and salary for having paid to Soltero the sum of $500 pursuant to an order issued by the District Court of Ponce directing said payment. The respondent added that, in accordance with this precedent, he would be suspended from office and salary if he decided to sign the warrant.

In the instant case, the Municipality of Ponce engaged the professional services of Soltero and bound itself to pay as compensation the sum of $1,500. This fact is not disputed. The contract was perfected, the services were rendered, and the municipality, which has received the benefit therof, has paid to Soltero the sum of $900, and owes to him the $600 which he claims. The said contract was entered into on July 22, 1933. Afterwards the Auditor of Puerto Ricio addressed a circular letter to the mayors, municipal auditors, and secretary-auditors, stating that the formulation of plans to improve the existing conditions, which in the majority of the cases referred to the consolidation of debts, the preparation of ordinances for advances, and of technical studies regarding the prevailing economic conditions, would cause unnecessary expense to the municipalities if these studies and the formulation of these plans were to be performed by persons outside the administration or the government. The Insular Auditor offered the cooperation of his office to carry out said work, and stated that he would not authorize any disbursement whatsoever for the payment of services of this character, which might be rendered without cost to the municipalities by the officers of the government. The Auditor further said that the vouchers covering these expenses should

be submitted for approval to his office prior to making any payment on that account.

The circular letter of the Auditor cannot operate to unnecessarily prevent or delay the payment of an obligation arising from a contract validly entered into by the Municipality of Ponce. The question as to any administrative duty resting upon the municipal authorities to avail themselves of the services offered by the Auditor is not one to be determined in the instant case. It cannot be denied that such a circular letter is commendable because of the purpose it seeks and the cooperation it offers to the municipal bodies. We think, however, that if a municipality enters into a valid contract with a third person, the obligation of such a contract cannot be affected by a circular letter which the Insular Auditor may have addressed to the municipal authorities. The approval of the Insular Auditor is not necessary to contract with a municipality. Nor is the consent of that officer necessary to demand the fulfillment of an obligation derived from a contract entered into with a municipality. As was said in Costas v. Municipality of Las Marías, 37 P.R.R. 18, 28, "it is inconceivable that in an act wherein Congress has prescribed that the Legislature should pass no law which would interfere with the obligation of a contract should itself pass a law which would subject every person contracting with a municipality to the necessity of first obtaining the authority of a third person who is not one of the contracting parties." And as was said in Laborde v. Municipality of Isabela, 38 P.R.R. 58, it is evident that a citizen does not have to obtain the consent of the Auditor to contract with a municipality.

In Fajardo Sugar Co. v. Holcomb, 16 F. (2d) 92, the following was said:

"In general, an auditor is 'an officer of the government, whose duty it is to examine the acts of officers who have received and disbursed public moneys by lawful authority.' If, under the Organic Act, the auditor of Porto Rico has, in whole or in part, control over

the taxing power, we should expect to find that unusual delegation explicitly stated. We do not find it.''

Commenting on these last words, this court in *Laborde* v. *Municipality of Isabela, supra,* said:

''Similarly we may say of the right to intervene in contracts or to affect the general liability of a municipality to suits.''

In *Municipality of Rio Piedras* v. *Serra, Garabis & Co.,* 65 F. (2d) 691, the Circuit Court of Appeals stated similar views to those which had already been expressed by this court. From the opinion delivered in that case, we copy the following:

''We do not think that the Auditor of Puerto Rico had the power to impose conditions on the right of municipalities to enter into contracts, nor to prescribe the formalities with which they could legally do so. The auditor is an accounting officer. He has no mandate to supervise the making of contracts. His duties are confined to methods of accounting and to acting as a check on the disbursement of public moneys, to seeing that money is not paid out illegally from the public funds. The view contended for by the government would in effect put all municipal expenditures in the Island under the dictatorship of this accounting officer—a result so foreign to ideas of local self-government which prevail in this country that we should not accept it unless clearly convinced that it was the legislative intent. A somewhat similar question arose with respect to the right of the Comptroller General of the United States in the making of contracts by departments of the government. The Attorney General advised the Secretary of War that the Comptroller General's right of approval of forms 'cannot in any way extend to the contractual obligations, which the parties are entitled freely to negotiate without dictation from the Comptroller General whose function is that of an accounting officer.' We agree with these views and with those of the Supreme Court of Puerto Rico on this point. *Costas-Purcell* v. *Municipality of Las Marías,* 37 Porto Rico 18. The Insular Auditor's regulations did not constitute part of the contract.''

Further on, in passing upon a motion for rehearing, that court said:

"Does section 20 of the Organic Act authorize the insular auditor, with the approval of the Governor, to make regulations affecting the terms and validity of municipal contracts? In considering this question in our previous opinion we held that it did not.

"*     *     *     *     *     *     *

"That the auditor exceeded the scope of his authority in imposing the conditions that he did in the regulations on the right of municipalities to contract is shown by the language in section 20 from which he derives his authority.

"*     *     *     *     *     *     *

"Clearly the regulations in question, construed as the defendant contends they should be and as they avowedly read, are not limited to methods of accounting but extend to and prescribe terms and conditions for making municipal contracts. In this respect they are invalid, being unauthorized by section 20."

The petitioner and appellant contends that the respondent was not required to consult the Insular Auditor before signing the warrant and the order of payment. We think that the appellant is right. This court has held that before resorting to a mandamus proceeding, the administrative remedies should be exhausted. But this does not mean that the fulfillment of an obligation should be delayed and consultations made when the same are entirely unnecessary. In *Laborde* v. *Municipality of Isabela, supra,* this court said:

"*Axtmayer* v. *Kessinger,* 32 P.R.R. 841, decides that a person who is with the government suing for a salary must first exhaust his administrative remedies..... The case, of course, shows that there are certain instances where the action of the auditor must first be had. There are naturally cases where an action by the auditor is a condition precedent to recovery. There must be necessarily cases in which the action of the auditor is final, but we hold that the action of the auditor can only be advisory when a citizen has made a contract according to law with a municipality.

"*     *     *     *     *     *     *

"While Congress probably had a right to do so, it can not without a more direct intimation be supposed that it took the method outlined in section 20 to put aside the right of a citizen contracting with a municipality to have his controversies settled in

a court. The acid test is whether the corporation is or is not responsible independently of the action of the auditor.

‹‹♣         ※         ※         ※         ※         ※         ※

"With these antecedents we can not find that it was the intention of Congress to create a special or independent tribunal in the person of the Auditor of Porto Rico. The only words in the acts to this end are as follows: 'The decisions of the auditor shall be final, except that appeal therefrom may be taken by the party aggrieved or the head of the department concerned within one year, in the manner hereinafter prescribed.' But we see therein no disposition to deprive a citizen who makes a contract with a municipality of his right to sue, or of his right to sue without first having recourse to the auditor."

The preceding paragraphs appear on pages 68–69, 70 and 66, respectively, of Volume 38 of the Porto Rico Reports.

In *Valladares* v. *Berríos,* 38 P.R.R. 613, the trial court had held that the duty of the municipal auditor to pay Valladares for the construction of a school was not ministerial and hence mandamus did not lie; that as the municipal auditor had the right to consult the Auditor of Puerto Rico, in cases where the legitimacy of a payment was doubtful, and as the auditor was so consulting, he was acting within his discretion. This court, in deciding the case, on appeal, said:

"We agree with the appellant, therefore, that the municipal auditor was under a duty to issue a check to the complainant if the contract was duly proved, and that if it was so duly proved the duty of the municipal auditor was ministerial and not discretional. While section 18 gives the municipal auditor the right to consult, if the legality of the payment is doubtful, he can not arbitrarily consult and delay payment if the contract is in good form. We think it was the duty of the court to investigate the legality of the claim and if it was in due form to order the municipal auditor to pay it."

In the instant case the legality of the claim is not disputed. The respondent admits that $900 has been paid to the petitioner for the services rendered to the municipality; that a balance of $600 is owed to the petitioner; and that

funds have been appropriated and are available to cover said balance. The municipal auditor has refused to pay because he thinks that he has no power to make such payment so long as the Insular Auditor does not respond to the consultation made to him. This consultation seems to us unnecessary. In his circular letter the Auditor says that no disbursements whatsoever shall be authorized for the payment of services of the kind rendered by the petitioner, which may be furnished without cost to the municipalities by the officers of the government. The respondent is not bound to wait for an answer from the Insular Auditor which may be indefinitely delayed. The purpose of the circular letter of the Auditor is to prevent the municipalities from applying, through a contract, their funds to pay for services that might be gratuitously rendered by the Insular Government. It is clear, in our opinion, that the regulations issued by the Auditor cannot affect the rights of a third person who has entered into a valid contract with a municipal corporation.

The judgment appealed from must be reversed and another rendered instead directing the Municipal Auditor of Ponce to pay the sum of $600, with costs.